IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARTIN MARIETTA MATERIALS,
INC., and HUNT MARTIN
MATERIALS, LLC,

        Plaintiffs

  vs.                                     Case No. 12-2699-SAC

KANSAS DEPARTMENT OF
TRANSPORTATION, and MIKE
KING, in his individual and official
Capacity as Kansas Secretary of
Transportation, and JERRY YOUNGER,
in his individual and official capacity
as Deputy Secretary of Transportation
State Transportation Engineer,

        Defendants.

MEMORANDUM AND ORDER

The court filed a lengthy order back in May that decided the defendants' motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) (Dk. 22), and the plaintiffs' motion for leave to file first amended complaint pursuant to Fed. R. Civ. P. 15(a)(2) (Dk. 31). (Dk. 59). The plaintiffs have filed a motion for reconsideration (Dk. 60) supported by a detailed memorandum (Dk. 61). With the defendants' opposition on file (Dk. 67), the court will address the pending motion.

The plaintiffs (collectively, "Martin Marietta") ask the court to reconsider its ruling that they do not have liberty or property interest in being on the Kansas Department of Transportation's ("KDOT") approved or

pre-qualified list ("A-Listing/PQL") of concrete aggregate suppliers. They say their motion is necessary because the court's order does not expressly mention or apply the testimony by KDOT's Fed. R. Civ. P. 30(b)(6) witness. Martin Marietta presumes this testimony was overlooked in that they understand the court's interpretation and application of KDOT's policies and rules to be contrary to the testimony.

The record should be clear at the outset. The court was not remiss in its handling of the deposition of Richard E. Kreider, Jr. Indeed, the court did review and consider carefully all of the plaintiffs' citations to that deposition as part of the materials submitted. The plaintiffs offer no authority for the proposition that all evidence submitted with the briefing of dispositive motions should be discussed separately in the court's ruling and if it is not, then a party may presume and be rightly concerned that the court was unaware of the evidence or overlooked it. What the plaintiffs repeatedly quote in their motion for reconsideration is Kreider's testimony that the Standard Specifications were used in determining which suppliers made the A-Listing/PQL and that he did not regard himself as having the personal and unfettered discretion to decide which suppliers made this list. The court believes this testimony is consistent with the plaintiffs' factual allegations in the complaints. Consequently, when the court summarized those factual allegations, it necessarily considered this testimony. For that matter, the court did not regard Kreider's testimony to add any critical or contradictory

elements to the court's analysis and conclusions, so it chose not to extend the length of its order with a separate discussion of the testimony.

**STANDARDS GOVERNING RECONSIDERATION**

As this court has observed, its rulings "'are not intended as first drafts, subject to revision and reconsideration at a litigant's pleasure.'" *Koch v. Koch Industries, Inc.*, 6 F.Supp.2d 1207, 1209 (D.Kan. 1998) (quoting *Quaker Alloy Casting v. Gulfco Industries, Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988)), *aff'd*, 203 F.3d 1202 (10th Cir. 2000), *cert. denied*, 531 U.S. 926 (2000). A motion to reconsider a non-dispositive order "must be based on: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." D. Kan. Rule 7.3(b). A motion to reconsider is not appropriate if the movant only wants the court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally. *Koch*, 6 F. Supp. 2d at 1209; *Fulghum v. Embarq Corp.*, ---F. Supp. 2d---, 2013 WL 589611 at *35 (D. Kan. 2013).

In its motion and memorandum, Martin Marietta does not cite or apply these standards from the court's local rules. The motion does not argue any intervening change in controlling law or the availability of new evidence. It may be that the plaintiffs perceive "the need to correct clear error or prevent manifest injustice." The motion and memorandum, however fail to frame the arguments as establishing "clear error" or "manifest

3

injustice." Not all disagreements with the court's reasoning and conclusions are clear error or manifest injustice. The plaintiffs' motion simply revisits the court's analysis and, using again the same or recast arguments, seek to have the court change its mind. This is not a proper purpose for the plaintiffs' motion to reconsider.

**ANALYSIS**

Because Martin Marietta's motion to reconsider is outside the proper scope of the court's local rules, this order will not address all of the arguments offered over the span of thirty-two pages. What Martin Marietta cites as the critical testimony from Kreider's deposition does not contradict what the court understood and summarized as the plaintiffs' allegations in this case. (Dk. 59, pp. 24-25). The court accepted the plaintiffs' allegations as true that KDOT, having written and published its Standard Specifications, would look to them in making decisions about whether a supplier should be on an approved list. The court never found, nor assumed, that KDOT officials had the unbridled discretion to ignore these criteria or that they would apply them arbitrarily in making these decisions. The court, instead, considered all relevant statutes and Standard Specifications cited by both sides. It did not rely on just those provisions that the plaintiffs isolated and construed as trumping all others. The court's understanding came from a reasonable reading and construction of the whole. The court decided that the governing statute, the Standard Specifications, and the alleged understandings from

them, considered together as a whole, did not so limit KDOT's discretion in selecting and using concrete aggregate suppliers on state road construction projects as to create a legitimate claim of entitlement in simply being on the A-Listing/PQL. The court believes its approach and reasoning is apparent and adequately explained in the order. Thus, Martin Marietta's stated reason for filing the motion to reconsider is wide of the mark and arguably may be a pretext for having the court revisit its rulings.

      Martin Marietta makes a blanket charge that the court's order contains several legal errors beginning with its disregard of the plaintiffs' factual allegations and the evidence supporting them. Purportedly, the order draws inferences or makes assumptions contrary to the plaintiffs' allegations and evidence, and it also construes the plaintiffs' allegations most favorably for the defendants. While all of these arguments are made, the plaintiffs' real dispute is with the court's refusal to accept Martin Marietta's alleged legal conclusion that it possessed a property interest in being on the A-Listing/PQL by reason of its factual allegations. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). The court's ruling that denied a property interest did not involve disregarding, weighing, or rejecting the plaintiff's factual allegations or, for

that matter, the drawing of inferences or construing them unfavorably to the plaintiffs.

The plaintiffs bring their motion rearguing that they have a property interest simply because KDOT uses substantive, objective criteria in evaluating whether a quarry may appear on a pre-approved list of aggregate suppliers. This argument was rejected for several reasons that are sound in this court's judgment. While the plaintiffs now challenge those reasons on the same grounds and more, the court remains convinced of the soundness of its ruling. Nor does the court see any real value from extending this order with a review and restatement of all of its reasons and conclusions.

Suffice it to say, the statutory and regulatory framework, as well as the industry understanding of it as alleged, shows KDOT had broad discretion in determining the acceptable quality of road construction materials and it did not constrain this discretion through its ongoing development, use, and review of those standards. Instead, KDOT first established in the statute and preserved in the regulatory framework the discretion necessary to insure that only quality materials are used in state highway construction. The court does not find in this framework a meaningful and substantive limitation on KDOT's unilateral discretion to establish or change those standards and to enforce the same throughout the application and construction process. The plaintiffs did not allege "that KDOT's discretion to change or add to the specifications or to the

requirements found in contract documents is subject to any procedural limitations outside of a specific contractual relationship which has not been alleged here." (Dk. 59, p. 35). KDOT put in place a "process of inspection, testing and approval . . . to benefit KDOT, not the contractor or its third-party suppliers." (Dk. 59, p. 34). The framework "cannot be plausibly interpreted as meaningfully limiting KDOT's discretion as to allow removal only upon what could be likened to just cause." *Id.* at 36. On these grounds and those more fully stated at pages 29-42 of its prior order, the court rejects the plaintiffs' legal conclusion as alleged that it has a property and liberty interest as claimed. The plaintiffs' motion for reconsideration is denied.

IT IS THEREFORE ORDERED that the plaintiffs' motion for reconsideration (Dk. 60) is denied.

Dated this 2nd day of October, 2013, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge